# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 00-30053-01-GPM |
| KENNETH D. MORAN, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Kenneth Moran filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 28). In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Moran on his motion (Doc. 29). Moran then asked the Court "for Removal of Court Appointed Counsel" (Doc. 30), and he filed another *pro se* motion for reduction of sentence (Doc. 31). His lawyer has now asked for leave to withdraw (Doc. 33) on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c). *See Anders v. California*, 386 U.S. 738, 744 (1967). Moran filed a motion to have his lawyer's motion to withdraw stricken (Doc. 34).

This Court sentenced Moran to a 235 month term of imprisonment on September 18, 2000 (*see* Doc. 19). This sentence was based on a sentencing guideline range (which the Court now recognizes was advisory) of 235 months. The base offense level was 38, because the offense involved over 1.5 kilograms of crack cocaine.

Moran is certainly entitled to represent himself, and the Court will allow court-appointed

counsel to withdraw as requested. The Court has carefully considered Moran's *pro se* arguments for a reduction in his sentence and evaluated his case in light of the amendments to the sentencing guidelines and the case law that has followed.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Moran cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The

Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Moran was sentence based on relevant conduct that included 11.7 kilograms of crack cocaine. Under the old and amended guidelines this relevant conduct warranted a base offense level of 38. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 33), **DISMISSES** the motions for a sentence reduction (Doc. 28, 31) for **lack of jurisdiction**, and **DENIES as moot** the motion to disqualify counsel (Doc. 30) and motion to strike (Doc. 34).

The Clerk is **DIRECTED** to mail a copy of this order to Defendant Kenneth D. Moran, #05139-025, Texarkana Federal Correctional Institution, P.O. Box 7000, Texarkana, TX 75505.

**IT IS SO ORDERED.**

DATED: 6/15/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge